UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

STANLEY R. STEINKE, JR.,

        Petitioner,

v.                                              CASE NO. 04-CV-73764-DT
                                                HONORABLE GERALD E. ROSEN

HAROLD WHITE,

        Defendant.
_____/

## OPINION AND ORDER DISMISSING HABEAS CORPUS PETITION

Petitioner Stanley R. Steinke, Jr., has filed an application for the writ of habeas corpus under 28 U.S.C. § 2254. The habeas petition attacks Petitioner's state conviction for aggravated stalking. Respondent argues in an answer to the habeas petition that Petitioner has not exhausted state remedies for all his claims. The Court agrees. Therefore, the habeas petition will be dismissed.

### I.  Background

On August 31, 1999, a circuit court jury in Livingston County, Michigan found Petitioner guilty of aggravated stalking, MICH. COMP. LAWS § 750.411i. The trial court sentenced Petitioner as a habitual offender to imprisonment for three to seven and one-half years. In an appeal of right, Petitioner argued through counsel that the evidence was insufficient to support his conviction. The Michigan Court of Appeals disagreed and affirmed Petitioner's conviction in an unpublished *per curiam* opinion. *See People v. Steinke*, No. 243420 (Mich. Ct. App. Feb. 17, 2004).

Petitioner raised the same sufficiency-of-the-evidence claim in a *pro se* application for

...

...

...

leave to appeal in the Michigan Supreme Court. He also raised two new claims (prosecutorial misconduct and ineffective assistance of trial counsel) in the state supreme court. On August 31, 2004, the Michigan Supreme Court denied leave to appeal because it was not persuaded to review the issues. *See People v. Steinke*, No. 125907 (Mich. Sup. Ct. Aug. 31, 2004).

Petitioner filed his habeas corpus petition on September 27, 2004. The grounds for relief are the three claims raised in the Michigan Supreme Court. They read as follows:

> I. Defendant-appellant's conviction should be reversed because there was insufficient evidence to find for the offense.
>
> II. Defendant-appellant's conviction should be reversed because there was prosecutorial misconduct during proceedings.
>
> III. Defendant-appellant's conviction should be reversed because there was ineffective assistance of counsel during proceedings.

Shortly over a month after filing his habeas petition, Petitioner was released from prison on his maximum discharge date of November 2, 2004. *See* www.state.mi.us/mdoc/asp/otis2.html.

## II. Discussion

Respondent maintains that Petitioner did not exhaust state remedies for his second and third claims by raising those claims in the Michigan Court of Appeals. State prisoners must "fairly present" their claims to the state courts before raising those claims in a federal habeas corpus petition. *See* 28 U.S.C. § 2254(b)(1) and (c); *O'Sullivan v. Boerckel*, 526 U.S. 838, 842 (1999); *McMeans v. Brigano*, 228 F.3d 674, 681 (6th Cir. 2002). The exhaustion requirement is satisfied if a prisoner invokes one complete round of the state's established appellate review process, including a petition for discretionary review in the state's supreme court when that review is part of the state's ordinary appellate review process. *O'Sullivan*, 526 U.S. at 845-47. For Michigan prisoners, this means they must present each claim to the Michigan Court of

Appeals and to the Michigan Supreme Court before seeking federal habeas corpus relief. *See Dombkowski v. Johnson*, 488 F.2d 68, 70 (6th Cir. 1973). Presentation of a claim for the first and only time to a state's highest court on discretionary review, without more, does not constitute "fair presentation" for purposes of the exhaustion doctrine. *Castille v. Peoples*, 489 U.S. 346, 351 (1989).

Petitioner's first claim is exhausted because it was raised in the Michigan Court of Appeals and in the Michigan Supreme Court. The second and third habeas claims are not exhausted because Petitioner raised those claims only in the Michigan Supreme Court. Thus, the habeas petition is a "mixed" petition of one exhausted claim and two unexhausted claims.

Absent unusual or exceptional circumstances, courts must dismiss mixed petitions in their entirety. *Rose v. Lundy*, 455 U.S. 509, 510 (1982); *O'Guinn v. Dutton*, 88 F.3d 1409, 1412-13 (6th Cir. 1996). As Petitioner has not replied to Respondent's answer, nor alleged any unusual and exceptional circumstances, the application for a writ of habeas corpus is DISMISSED.

This dismissal is without prejudice to Petitioner's right to: (1) delete his unexhausted claims and submit an amended habeas petition containing only the exhausted first claim **or** (2) return to state court and raise his unexhausted second and third claims in a motion for relief from judgment. *See Rose v. Lundy*, 455 U.S. at 510; *see also* Subchapter 6.500 of the Michigan Court Rules. Petitioner must act on one of these two options within **sixty (60) days** of the date of this order if he wishes to pursue his claims. If he chooses to return to state court to further exhaust state remedies, any subsequent federal habeas corpus petition must be filed within **sixty (60) days** of exhausting state remedies.

        s/Gerald E. Rosen
        Gerald E. Rosen
        United States District Judge

Dated:  April 19, 2006

I hereby certify that a copy of the foregoing document was served upon counsel of record on April 19, 2006, by electronic and/or ordinary mail.

        s/LaShawn R. Saulsberry
        Case Manager